**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4884**

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

BURNETT TRIONE SHACKLEFORD,

 Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-00206-TLW-1)

Submitted:  May 29, 2009                 Decided:  June 19, 2009

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South
Carolina, for Appellant.   Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Burnett Trione Shackleford pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with the intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). The district court sentenced Shackleford to 264 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Shackleford's guilty plea and whether its sentence is reasonable. Shackleford filed a pro se brief raising several issues. We affirm.

Because Shackleford did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Shackleford's guilty plea and that the court's omissions did not affect Shackleford's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual

2

basis and that Shackleford entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Further, Shackleford does not suggest that he would have declined to plead guilty had the district court's Rule 11 colloquy been more exacting. Accordingly, we discern no plain error.

We review Shackleford's sentence under a deferential abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. When reviewing a sentence on appeal, we presume that a sentence within a properly calculated Guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 341 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Here, the district court correctly calculated the advisory Guidelines range and gave the parties an opportunity to

3

argue for whatever sentence they deemed appropriate. The district court also heard allocution from Shackleford, considered the relevant § 3553(a) factors, and sentenced Shackleford within his advisory Guidelines range of 262 to 327 months' imprisonment. Under these circumstances, we conclude that the district court did not abuse its discretion in sentencing Shackleford. Finally, after review of Shackleford's pro se supplemental brief, we conclude it raises no meritorious issues for appeal.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and we find no meritorious issues for appeal.[*] Accordingly, we affirm the district court's judgment. This court requires that counsel inform Shackleford, in writing, of the right to petition the Supreme Court of the United States for further review. If Shackleford requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Shackleford. We dispense with oral argument because the

---

[*] This case was held in abeyance for <u>United States v. Antonio</u>, 311 F. App'x 679 (4th Cir. 2009) (unpublished). This court's decision in <u>Antonio</u> supports our analysis of Shackleford's case.

4

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED